**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LOGAN REED,** | § | |
| **Individually and on behalf** | § | **Civil Action No.** 5:18-cv-00450 |
| **of all others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **SANDBOX TRANSPORTATION, LLC** | § | |
| | § | |
| **Defendant.** | § | **COLLECTIVE ACTION** |
| | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| | § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Logan Reed ("Plaintiff" or "Reed") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members") who worked for Sandbox Transportation, LLC ("Sandbox") and were paid by the hour but were not paid overtime at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## I.
## OVERVIEW

1.      This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201–19 to recover overtime wages.

2.      Plaintiff and the Putative Class Members are those similarly situated persons who worked for Sandbox at any time from May 11, 2015 through the final disposition of this matter, and were paid hourly but did not receive overtime for all hours worked over forty (40) in each workweek.

3.      During this time, Plaintiff and the Putative Class Members were non-exempt employees who were paid an hourly rate and no overtime compensation.

4.      Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek; however, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5.      The decision by Sandbox not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6.      Sandbox knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7.      Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA. Specifically, Plaintiff and the Putative Class Members performed routine and manual labor type job duties in the oilfield.

8.      Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9.      Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10.     Plaintiff Logan Reed ("Reed") worked for Sandbox within the meaning of the FLSA and within the relevant three-year period. Plaintiff Reed did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11.     The Putative Class Members include those individuals who have worked for Sandbox at any time since May 11, 2015 and have been subjected to the same illegal pay system under which Plaintiff Reed worked and was paid.

12.     Sandbox Transportation, LLC ("Sandbox") is a Texas limited liability company and may be served through its registered agent for service of process: **C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.**

## III.
## JURISDICTION & VENUE

13.     This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14.     This Court has personal jurisdiction over Sandbox because the cause of action arose within this District as a result of Sandbox's conduct within this District.

15.     Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16.     Specifically, Plaintiff Reed performed work on behalf of Sandbox in Kenedy, Karnes County, Texas, which is located in this District and Division.

17.     Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

---

[1] The written consent of Logan Reed is attached hereto as Exhibit "A."

# IV.
# ADDITIONAL FACTS

18.      Sandbox is a trucking company headquartered out of Houston, Texas and provides local sand, rock, gravel, and asphalt hauling and delivery services to the oil and gas industry throughout the United States.[2]

19.      Sandbox's primary service is the coordination of drilling sand and other materials into the oil fields throughout the United States.

20.      Sand is a critical part of the hydraulic fracturing process.

21.      To provide their services, Sandbox employed (and continues to employ) numerous workers—including Plaintiff Reed and the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the oilfield.

22.      Plaintiff Reed worked for Sandbox as a Team Leader/Sand Coordinator from approximately September 2016 until February or March of 2018.

23.      As a Team Leader/Sand Coordinator, Plaintiff Reed ensured the sand was unloaded from the delivery trucks and then loaded into the blender for use as a proppant. Plaintiff Reed also assisted in getting trucks into position and ensured the wellsite had enough sand at all times.

24.      Once sand is unloaded into the blender, it is then used in the well. As such, Team Leaders/Sand Coordinators are an integral part of the hydraulic fracturing crew.

25.      Indeed, Plaintiff and the Putative Class Members' work was (and continues to be) an integral part of the well stimulation process.

26.      Sandbox paid Plaintiff and the Putative Class Members a straight hourly wage for all hours worked. Specifically, Plaintiff Reed was paid anywhere from $21.00 to $22.00 per hour worked

---

[2] http://www.sandboxlogistics.com/sandbox_process.php.

*Original Collective Action Complaint*                                                                                    Page 4

but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.[3]

27.     Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are **_not exempt_** from overtime, Sandbox did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

28.     Plaintiff and the Putative Class Members' primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing other oilfield related functions on various job sites.

29.     Upon information and belief, Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Sandbox and/or its clients.

30.     Upon further information and belief, Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Sandbox and/or its clients.

31.     Virtually every job function was pre-determined by Sandbox and/or its clients, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

32.     Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

---

[3] An exemplar pay stub is hereby attached as Exhibit B.

33.     Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

34.     Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

35.     Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

36.     Moreover, Plaintiff and the Putative Class Members did not (and currently do not) supervise two or more employees.

37.     Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Sandbox or its customers.

38.     Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

39.     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

40.     Sandbox denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

41.     Sandbox applied this pay practice despite clear and controlling law that states that the manual labor/technical, routine duties which were performed by Plaintiff and the Putative Class Members consisted of **_non-exempt_** work.

42.     Accordingly, Sandbox's pay policies and practices blatantly violated (and continue to violate) the FLSA.

# V.
# CAUSES OF ACTION

## COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.     FLSA COVERAGE**

43.     All previous paragraphs are incorporated as though fully set forth herein.

44.     The FLSA Collective is defined as:

**ALL TEAM LEADERS/SAND COORDINATORS WHO WORKED FOR SANDBOX TRANSPORTATION, LLC, AT ANY TIME FROM MAY 11, 2015 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

45.     At all times hereinafter mentioned, Sandbox has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

46.     At all times hereinafter mentioned, Sandbox has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

47.     At all times hereinafter mentioned, Sandbox has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

48.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by Sandbox, these individuals provided services for Sandbox that involved interstate commerce for purposes of the FLSA.

49.     In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

50.     Specifically, Plaintiff and the FLSA Collective Members are (or were) ***non-exempt*** employees who worked for Sandbox and were engaged in oilfield services that were directly essential to the production of goods for Sandbox and related oil and gas companies. 29 U.S.C. § 203(j).

51.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

52.     In violating the FLSA, Sandbox acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

53.     The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 44.

54.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Sandbox.

## B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

55.     All previous paragraphs are incorporated as though fully set forth herein.

56.     Sandbox violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

57.     Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Sandbox's acts or omissions as described herein; though Sandbox is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

58.     Moreover, Sandbox knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

59.     Sandbox knew or should have known its pay practices were in violation of the FLSA.

60.     Sandbox is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

61.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Sandbox to pay overtime in accordance with the law.

62.     The decision and practice by Sandbox to not pay overtime was neither reasonable nor in good faith.

63.     Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     FLSA COLLECTIVE ACTION ALLEGATIONS

64.     All previous paragraphs are incorporated as though fully set forth herein.

65.     Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

66.     Other similarly situated employees have been victimized by Sandbox's patterns, practices, and policies, which are in willful violation of the FLSA.

67.     The FLSA Collective Members are defined in Paragraph 44.

68.     Sandbox's failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

69.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

70.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

71.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

72.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

73.     Sandbox employed a substantial number of similarly situated workers since May 11, 2015. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

74.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Sandbox will retain the proceeds of its rampant violations.

75.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

76.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 44 and notice should be promptly sent.

# VI.
# RELIEF SOUGHT

77.     Plaintiff respectfully prays for judgment against Sandbox as follows:

a.      For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 44 and requiring Sandbox to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

d.      For an Order pursuant to Section 16(b) of the FLSA finding Sandbox liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

e.      For an Order awarding the costs and expenses of this action;

f.      For an Order awarding attorneys' fees;

g.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

h.      For an Order awarding Plaintiff a service award as permitted by law;

i.      For an Order compelling the accounting of the books and records of Sandbox, at Sandbox's own expense; and

j.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   May 11, 2018

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:      /s/ *Clif Alexander*

**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and the Putative Class Members***