UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **LOGAN REED**, *et al.* § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> **SANDBOX TRANSPORTATION, LLC** § <br> § <br> *Defendant.* § <br> § <br> § | Civil Action No. 5:18-cv-00450-DAE <br><br><br> JURY TRIAL DEMANDED |

## THIRD AMENDED COMPLAINT

Logan Reed, Emmanuel Hutchinson, Robert Rosson, Acquayvis Perry, Jerry Cheatham, Zachery R. Davis, James Jouett, Dewann W. Stewart, Mark Gililland and Brandon Garst (collectively, "Plaintiffs") bring this action against SandBox Transportation, LLC ("SandBox") for unpaid overtime wages, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and pursuant to the New Mexico Minimum Wage Act ("NMMWA"), §§ 50-4-19, *et seq*.

## I.
## OVERVIEW

1. This lawsuit seeks unpaid overtime wages pursuant to the FLSA, 29 U.S.C. §§ 201–19 and the NMMWA §§ 50-4-19, *et seq*.

2. Plaintiffs were non-exempt employees who were paid an hourly rate and/or a day rate and no overtime compensation.

3. Plaintiffs routinely worked in excess of forty (40) hours per workweek; however, Plaintiffs were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by SandBox not to pay overtime compensation to Plaintiffs was neither reasonable nor in good faith.

5. SandBox knowingly and deliberately failed to compensate Plaintiffs overtime for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiffs did not perform work that meets the definition of exempt work under the FLSA or the NMMWA. Specifically, Plaintiffs performed routine and manual labor type job duties in the oilfield.

7. Plaintiffs therefore seek to recover all unpaid overtime and other damages owed under the FLSA and the NMMWA.

## II.
## THE PARTIES

8. Plaintiff Logan Reed ("Reed") worked for SandBox during the relevant time period. Plaintiff Reed did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

9. Plaintiff Emmanuel Hutchinson ("Hutchinson") worked for SandBox during the relevant time period. Plaintiff Hutchinson did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

10. Plaintiff Robert Rosson ("Rosson") worked for SandBox during the relevant time period. Plaintiff Rosson did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

11. Plaintiff Acquayvis Perry ("Perry") worked for SandBox during the relevant time period. Plaintiff Perry did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

12. Plaintiff Jerry Cheatham ("Cheatham") worked for SandBox during the relevant time period. Plaintiff Cheatham did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

13. Plaintiff Zachery R. Davis ("Davis") worked for SandBox during the relevant time period. Plaintiff Davis did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

14. Plaintiff James Jouett ("Jouett") worked for SandBox during the relevant time period. Plaintiff Jouett did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

15. Plaintiff Dewann W. Stewart ("Stewart") worked for SandBox during the relevant time period. Plaintiff Stewart did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

16. Plaintiff Mark Gililland ("Gililland") worked for SandBox during the relevant time period. Plaintiff Gililland did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

17. Plaintiff Brandon Garst ("Garst") worked for SandBox during the relevant time period. Plaintiff Garst did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

18. SandBox Transportation, LLC ("SandBox") has been served and has filed a responsive pleading in this matter.

### III.
### JURISDICTION & VENUE

19. This Court has subject matter jurisdiction over the Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

20. This Court has supplemental jurisdiction over the additional NMMWA claims under 29 U.S.C. § 1367.

21. This Court has personal jurisdiction over SandBox because the cause of action arose within this District as a result of SandBox's conduct within this District.

22. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

23. Specifically, SandBox has maintained a working presence throughout the State of Texas (and New Mexico).

24. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

25. SandBox is a trucking company headquartered in Houston, Texas and provides local sand, rock, gravel, and asphalt hauling and delivery services to the oil and gas industry throughout the United States.[1]

26. SandBox's primary service is the coordination of drilling sand and other materials into the oil fields throughout the United States.

27. Sand is a critical part of the hydraulic fracturing process.

**Logan Reed**

28. Plaintiff Reed worked for SandBox as a Team Leader/Sand Coordinator from approximately September 2016 until March 2018.

29. Plaintiff Reed worked for SandBox in Texas and Oklahoma.

---

[1] http://www.sandboxlogistics.com/sandbox_process.php.

30. As a Team Leader/Sand Coordinator, Plaintiff Reed ensured the sand was unloaded from the delivery trucks and then loaded into the blender for use as a proppant. Plaintiff Reed also assisted in getting trucks into position and ensured the wellsite had enough sand at all times.

**Emmanuel Hutchinson**

31. Plaintiff Hutchinson worked for SandBox as a Supervisor/Crew Lead from approximately September 2016 until September 2017.

32. Plaintiff Hutchinson worked for SandBox in Oklahoma and Texas.

33. As a Supervisor/Crew Lead, Plaintiff Hutchinson operated a loader to unload sand boxes from the delivery trucks. Plaintiff Hutchinson would also load sand into the blender for use as a proppant.

**Robert Rosson**

34. Plaintiff Rosson worked for SandBox as a Lead Operator/Supervisor from approximately July 2016 until April 2017.

35. Plaintiff Rosson worked for SandBox in Oklahoma, New Mexico and Texas.

36. As a Lead Operator/Supervisor, Plaintiff Rosson also ensured the sand was unloaded from the delivery trucks and then loaded into the blender for use as a proppant.

**Acquayvis Perry**

37. Plaintiff Perry worked for SandBox as a Fork Lift Operator/Lead Operator from approximately September 2016 until October 2017, and again from January 2018 until March 2018.

38. Plaintiff Perry worked for SandBox in Texas, Oklahoma and New Mexico.

39. As a Fork Lift Operator/Lead Operator, Plaintiff Perry operated a fork lift to unload and stack the boxes of sand delivered by truck to the wellsite. Plaintiff Perry would also help load the sand into the blender for use as a proppant.

**Jerry Cheatham**

40. Plaintiff Cheatham worked for SandBox as a Fork Lift Operator/Lead Operator from approximately September 2016 until September 2017 and a Field Supervisor from approximately September 2017 until December 2017.

41. Plaintiff Cheatham worked for SandBox in Oklahoma and Texas.

42. As a Fork Lift Operator/Lead Operator, Plaintiff Cheatham operated a fork lift to unload and stack the boxes of sand delivered by truck to the wellsite. Plaintiff Cheatham would also help load the sand into the blender for use as a proppant.

43. As a Field Supervisor, Plaintiff Cheatham supervised the frac/well sites and generally handled any problems that occurred while on site.

**Zachery R. Davis**

44. Plaintiff Davis worked for SandBox as a Fork Lift Operator from approximately September 2016 until October 2016 and again from August 2017 until January 2018.

45. Plaintiff Davis worked for SandBox in Oklahoma and Texas.

46. As a Fork Lift Operator/Lead Operator, Plaintiff Davis operated a fork lift to unload and stack the boxes of sand delivered by truck to the wellsite. Plaintiff Davis would also help load the sand into the blender for use as a proppant.

**James Jouett**

47. Plaintiff Jouett worked for SandBox as a Fork Lift Operator/Lead Operator and Field Supervisor from approximately October 2016 until April 2018.

48. Plaintiff Jouett worked for SandBox in Texas, Oklahoma and New Mexico.

49. As a Fork Lift Operator/Lead Operator, Plaintiff Jouett operated a fork lift to unload and stack the boxes of sand delivered by truck to the wellsite. Plaintiff Jouett would also help load the sand into the blender for use as a proppant.

50. As a Field Supervisor, Plaintiff Jouett supervised the frac/well sites and generally handled any problems that occurred while on site.

**Dewann W. Stewart**

51. Plaintiff Stewart worked for SandBox as a Fork Lift Operator/Lead Operator from approximately April 2016 until September 2016.

52. Plaintiff Stewart worked for SandBox in Texas and Oklahoma.

53. As a Fork Lift Operator/Lead Operator, Plaintiff Stewart operated a fork lift to unload and stack the boxes of sand delivered by truck to the wellsite. Plaintiff Stewart would also help load the sand into the blender for use as a proppant.

**Mark Gililland**

54. Plaintiff Gililland worked for Sandbox as a Fork Lift Operator/Lead Operator from approximately September 2017 until May 2017 and has worked as a Parts Attendant since approximately May 2017.[2]

55. As a Fork Lift Operator/Lead Operator, Plaintiff Gililland operated a fork lift to unload and stack the boxes of sand delivered by truck to the wellsite. Plaintiff Gililland also helped load the sand into the blender for use as a proppant.

56. Plaintiff Gililland works for SandBox in Oklahoma.

**Brandon Garst**

57. Plaintiff Garst worked for SandBox as a Fork Lift Operator from approximately December 2016 until March 2017 and again from May 2017 until June 2017.

58. Plaintiff Garst worked for SandBox in Oklahoma and New Mexico.

---

[2] Upon information and belief, Plaintiff Gililland is currently paid $15.00 per hour as a Parts Attendant and began receiving overtime for all hours worked over 40 each week in June 2018.

59.	As a Fork Lift Operator, Plaintiff Garst operated a fork lift to unload and stack the boxes of sand delivered by truck to the wellsite. Plaintiff Garst would also help load the sand into the blender for use as a proppant.

60.	SandBox paid Plaintiffs a straight hourly wage for all hours worked.

61.	SandBox also paid Plaintiffs a day rate for certain jobs and in certain locations.

62.	Plaintiff Reed was paid anywhere from $21.00 per hour to $22.00 per hour worked but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

63.	Plaintiff Hutchinson was paid $23.00 per hour worked but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

64.	Plaintiff Rosson was paid either $21.00 per hour worked or a day rate of $300 per day worked but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

65.	Plaintiff Perry was paid anywhere from $21.00 per hour to $22.00 per hour worked but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

66.	Plaintiff Cheatham was paid anywhere from $21.00 per hour to $23.00 per hour worked or a day rate of $300.00 per day worked but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

67.	Plaintiff Davis was paid anywhere from $15.00 per hour to $21.00 per hour worked or a day rate of $300.00 per day worked but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

68. Plaintiff Jouett was paid anywhere from $21.00 per hour to $22.00 per hour worked or a day rate of $350.00 per day worked but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

69. Plaintiff Stewart was paid $21.00 per hour worked but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

70. Plaintiff Gililland was paid $21.00 per hour worked but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

71. Plaintiff Garst was paid anywhere from $15.00 per hour to $21.00 per hour worked but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

72. The FLSA and the NMMWA mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

73. Plaintiffs regularly worked in excess of forty (40) hours per week but did not receive overtime compensation for all weeks in which Plaintiffs worked more than forty (40) hours.

74. Accordingly, SandBox's pay policies and practices blatantly violated the FLSA and the NMMWA.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Violations of the FLSA)

**A.   FLSA COVERAGE**

75. All previous paragraphs are incorporated as though fully set forth herein.

76. At all times hereinafter mentioned, SandBox has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

77. At all times hereinafter mentioned, SandBox has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

78. At all times hereinafter mentioned, SandBox has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

79. During the respective periods of Plaintiffs' employment by SandBox, these individuals provided services for SandBox that involved interstate commerce for purposes of the FLSA.

80. In performing the operations hereinabove described, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

81. Specifically, Plaintiffs are (or were) **non-exempt** employees who worked for SandBox and were engaged in oilfield services that were directly essential to the production of goods for SandBox and related oil and gas companies. 29 U.S.C. § 203(j).

82. At all times hereinafter mentioned, Plaintiffs are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

83. In violating the FLSA, SandBox acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

84. All previous paragraphs are incorporated as though fully set forth herein.

85. SandBox violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

86. Plaintiffs have suffered damages and continue to suffer damages as a result of SandBox's acts or omissions as described herein; though SandBox is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

87. Moreover, SandBox knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiffs overtime compensation. 29 U.S.C. § 255(a).

88. SandBox knew or should have known its pay practices were in violation of the FLSA.

89. SandBox is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

90. Plaintiffs, on the other hand, are (and were) unsophisticated laborers who trusted SandBox to pay overtime in accordance with the law.

91. The decision and practice by SandBox to not pay overtime was neither reasonable nor in good faith.

92. Accordingly, Plaintiffs are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## COUNT TWO
### (Violations of the NMMWA)

93. The conduct alleged in this Complaint violates the New Mexico Minimum Wage Act ("NMMWA"), NMSA 1978. § 50-4-19 *et seq.*

94. Defendant was and is an "employer" within the meaning of the NMMWA.

95. At all relevant times, SandBox employed Plaintiffs Rosson, Perry, Jouett and Garst (collectively, the "New Mexico Plaintiffs") as "employees" within the meaning of the NMMWA.

96. The NMMWA requires employers, like SandBox, to pay overtime to all non-exempt employees.

97. The New Mexico Plaintiffs were ***non-exempt*** employees who were entitled to be paid overtime at the proper rate for all overtime hours worked.

98. SandBox paid the New Mexico Plaintiffs straight pay for all hours worked but did not pay overtime at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) per workweek.

99. As a result of SandBox's failure to pay overtime to the New Mexico Plaintiffs, Sandbox violated the NMMWA.

100. SandBox's denial of overtime compensation to the New Mexico Plaintiffs is part of a continuing course of conduct.

101. The New Mexico Plaintiffs are entitled to invoke the benefits of N.M.S.A. 1978, § 50-4-32 (1978).

102. As a result, this action "may encompass all violations that occurred as part of [SandBox's] continuing course of conduct regardless of the date on which they occurred."

103. The New Mexico Plaintiffs seek the amount of their underpayments based on SandBox's failure to pay one and one-half times their regular rates of pay for work performed in excess of 40 hours in a workweek, an equal amount as liquidated damages, and such other legal and equitable relief from SandBox's willful conduct as the Court deems just and proper.

104. The New Mexico Plaintiffs seek recovery of attorneys' fees and costs of this action to be paid by SandBox, as provided by the NMMWA.

## VI.
## RELIEF SOUGHT

105. Plaintiffs respectfully pray for judgment against SandBox as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Sandbox liable for unpaid back wages due to Plaintiffs, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

    b. For an Order pursuant to the NMMWA finding Sandbox liable for unpaid back wages due to the New Mexico Plaintiffs— Rosson, Perry, Jouett and Garst—and for liquidated damages equal in amount to the unpaid compensation found due to the New Mexico Plaintiffs.

    c. For an Order awarding the costs and expenses of this action;

    d. For an Order awarding attorneys' fees;

    e. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    f. For an Order compelling the accounting of the books and records of SandBox, at SandBox's own expense; and

    g. For an Order granting such other and further relief as may be necessary and appropriate.

Date:   July 31, 2018                              Respectfully submitted,

                                            **ANDERSON ALEXANDER, PLLC**

                          By:   */s/ Clif Alexander*
                                            **Clif Alexander**
                                            Texas Bar No. 24064805
                                            clif@a2xlaw.com
                                            **Lauren E. Braddy**
                                            Texas Bar No. 24071993
                                            lauren@a2xlaw.com
                                            **Alan Clifton Gordon**
                                            Texas Bar No. 00793838
                                            cgordon@a2xlaw.com
                                            **Carter T. Hastings**
                                            Texas Bar No. 24101879
                                            carter@a2xlaw.com
                                            819 N. Upper Broadway
                                            Corpus Christi, Texas 78401
                                            Telephone: (361) 452-1279
                                            Facsimile: (361) 452-1284

                                            ***Attorneys for Plaintiffs***

**CERTIFICATE OF CONFERENCE**

I hereby certify that Plaintiffs' counsel contacted counsel for Defendant regarding whether or not Defendant was opposed to the filing of this Third Amended Complaint and counsel for Defendant responded that Defendant was not opposed to Plaintiffs' filing of this Third Amended Complaint.

/s/ *Clif Alexander*
Clif Alexander

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander