UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LOGAN REED, *et al.*, | \* |
| Plaintiffs, | \*  NO. 5:18-CV-00450 |
| v. | \*  JUDGE DAVID A. EZRA |
| SANDBOX TRANSPORTATION, LLC, | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT'S ANSWER TO THIRD AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Sandbox Transportation, LLC ("Sandbox"), Defendant herein, and, in response to the Third Amended Complaint (Doc. No. 20), states as follows:

In response to the unnumbered paragraph appearing on page 1 of the Third Amended Complaint, Sandbox denies any allegations of fact that may be stated therein. In all other respects, Sandbox denies that Plaintiffs are entitled to any relief.

1. Paragraph 1 states legal conclusions for which no answer is required. To the extent this Paragraph contains any allegations of fact, they are denied.

2. Paragraph 2 states legal conclusions for which no answer is required. To the extent this Paragraph contains any allegations of fact, they are denied.

3. Sandbox denies the allegations of Paragraph 3.

4. Sandbox denies the allegations of Paragraph 4.

5. Sandbox denies the allegations of Paragraph 5.

6. Sandbox denies the allegations of Paragraph 6.

7. Paragraph 7 states legal conclusions regarding the damages Plaintiffs seek, for which no answer is required. To the extent this Paragraph contains any allegations of fact, they are denied.

8. Sandbox admits that Plaintiff Logan Reed worked for it but denies the remaining allegations of Paragraph 8.

9. Sandbox admits that Plaintiff Emmanuel Hutchison worked for it but denies the remaining allegations of Paragraph 9.

10. Sandbox admits that Plaintiff Robert Rosson worked for it but denies the remaining allegations of Paragraph 10.

11. Sandbox admits that Plaintiff Acquayvis Perry worked for it but denies the remaining allegations of Paragraph 11.

12. Sandbox admits that Plaintiff Jerry Cheatham worked for it but denies the remaining allegations of Paragraph 12.

13. Sandbox admits that Plaintiff Zachery R. David worked for it but denies the remaining allegations of Paragraph 13.

14. Sandbox admits that Plaintiff James Jouett worked for it but denies the remaining allegations of Paragraph 14.

15. Sandbox admits that Plaintiff Dewann W. Stewart worked for it but denies the remaining allegations of Paragraph 15.

16. Sandbox admits that Plaintiff Mark Gililland worked for it but denies the remaining allegations of Paragraph 16.

17. Sandbox admits that Plaintiff Brandon Garst worked for it but denies the remaining allegations of Paragraph 17.

18. Sandbox admits the allegations of Paragraph 18.

19. In response to Paragraph 19, Sandbox admits this Court has subject matter jurisdiction over this matter.

20. In response to Paragraph 20, Sandbox admits this Court has subject matter jurisdiction over this matter.

21. In response to Paragraph 21, Sandbox admits that this Court has personal jurisdiction over it but denies that the cause of action arose within this District.

22. Sandbox denies the allegations of Paragraph 22.

23. In response to Paragraph 23, Sandbox admits that it provides trucking services in the states of Texas and New Mexico, but denies that venue is proper in this District. Further answering, Sandbox admits that Plaintiffs Reed and Perry worked for a short period of time in Karnes County, Texas, but denies that their work was sufficient to confer venue in this Court. None of the other Plaintiffs ever performed work in this District.

24. Paragraph 24 sets forth a legal conclusion for which no answer is required. To the extent this Paragraph contains any allegations of fact, they are denied.

25. Sandbox admits it is a trucking company headquartered in Houston, Texas, providing sand hauling and delivery services to the oil and gas industry throughout the United States, but denies the remaining allegations of Paragraph 25.

26. Sandbox denies the allegations of Paragraph 26.

27. Sandbox admits the allegations of Paragraph 27.

28. Sandbox admits that Plaintiff Logan Reed was first hired on September 20, 2016, but denies the remaining allegations of Paragraph 28.

29. In response to Paragraph 29, Sandbox admits that Plaintiff Logan Reed worked for it in Texas and Western Oklahoma.

30. Sandbox denies that Plaintiff Logan Reed was employed as a Team Leader/Sand Coordinator, but admits the remaining allegations of Paragraph 30.

31. Sandbox admits that Plaintiff Emmanuel Hutchinson worked for it from September 6, 2016 through July 25, 2017, but denies the remaining allegations of Paragraph 31.

32. In response to Paragraph 32, Sandbox admits that Plaintiff Emmanuel Hutchinson worked for it in Oklahoma, but denies that Plaintiff Hutchinson worked for it in Texas.

33. Sandbox denies that Plaintiff Emmanuel Hutchinson was employed as a Supervisor/Crew Lead, but admits the remaining allegations of Paragraph 33.

34. Sandbox admits that Plaintiff Robert Rosson worked for it from July 12, 2016 through April 5, 2017, but denies the remaining allegations of Paragraph 34.

35. In response to Paragraph 35, Sandbox admits that Plaintiff Robert Rosson worked for it in Oklahoma, West Texas and New Mexico.

36. Sandbox denies that Plaintiff Robert Rosson was employed as a Lead Operator/Supervisor, but admits the remaining allegations of Paragraph 36.

37. Sandbox admits that Plaintiff Acquayvis Perry worked for it as a Forklift Operator from September 27, 2016 through October 16, 2017, and again from January 22, 2018 through March 29, 2018, but denies the remaining allegations of Paragraph 37.

38. In response to Paragraph 38, Sandbox admits that Plaintiff Acquayvis Perry worked for it in Texas, Oklahoma and New Mexico.

39. Sandbox denies that Plaintiff Acquayvis Perry was employed as a Lead Operator, but admits the remaining allegations of Paragraph 39.

40. Sandbox admits that Plaintiff Jerry Cheatham worked for it as a Forklift Operator and Lead Forklift Operator from September 22, 2016 through December 9, 2017, but denies the remaining allegations of Paragraph 40.

41. In response to Paragraph 41, Sandbox admits that Plaintiff Jerry Cheatham worked for it in Oklahoma, but denies that Plaintiff Cheatham worked for it in Texas.

42. Sandbox admits the allegations of Paragraph 42.

43. Sandbox denies the allegations of Paragraph 43.

44. Sandbox admits that Plaintiff Zachery R. Davis worked for it as a Forklift Operator from September 23, 2016 to October 12, 2016, and again as a Yard Hand and Forklift Operator from August 5, 2017 through January 8, 2018.

45. In response to Paragraph 45, Sandbox admits that Plaintiff Zachery R. Davis worked for it in Oklahoma, but denies that Plaintiff Davis worked for it in Texas.

46. Sandbox denies that Plaintiff Zachery R. Davis was employed as a Lead Operator, but admits the remaining allegations of Paragraph 46.

47. Sandbox admits that Plaintiff James Jouett worked for it as a Forklift Operator and a Lead Forklift Operator from October 28, 2016 through March 28, 2018, but denies the remaining allegations of Paragraph 47.

48. In response to Paragraph 48, Sandbox admits that Plaintiff James Jouett worked for it in Oklahoma, but denies that Plaintiff Jouett worked for it in Texas or New Mexico.

49. Sandbox admits the allegations of Paragraph 49.

50. Sandbox denies the allegations of Paragraph 50.

51. Sandbox admits that Plaintiff Dewann W. Stewart worked for it as a Forklift Operator from March 24, 2016 through February 15, 2017, but denies the remaining allegations of Paragraph 51.

52. In response to Paragraph 52, Sandbox admits that Plaintiff Dewann W. Stewart worked for it in West Texas, but denies that Plaintiff Stewart worked for it in Oklahoma.

53. Sandbox denies that Plaintiff Dewann W. Steward was employed as a Lead Operator, but admits the remaining allegations of Paragraph 53.

54. Sandbox admits that Plaintiff Mark Gililland worked for it as a Forklift Operator from September 5, 2017 through April 8, 2018. Sandbox further admits that Plaintiff Gililland has been employed as a Parts Attendant earning $15.00 per hour, and has been paid overtime for all hours worked over 40 in a work week in such position since April 9, 2018. Sandbox denies the remaining allegations of Paragraph 54.

55. Sandbox denies that Plaintiff Mark Gililland was employed as a Lead Operator, but admits the remaining allegations of Paragraph 55.

56. In response to Paragraph 56, Sandbox admits that Plaintiff Mark Gililland currently works for it in Oklahoma.

57. In response to Paragraph 57, Sandbox admits that Plaintiff Brandon Garst worked for it as a Forklift Operator from December 26, 2016 to March 19, 2017, and again from June 1, 2017 through June 5, 2017.

58. In response to Paragraph 58, Sandbox admits that Plaintiff Brandon Garst worked for it in Oklahoma, but denies that Plaintiff Garst worked for it in New Mexico.

59. Sandbox admits the allegations of Paragraph 59.

6

60. Sandbox admits that it paid Plaintiffs a straight hourly wage at times during their employment.

61. Sandbox admits that at times it paid certain Plaintiffs a flat rate in addition to a straight hourly wages.

62. Sandbox admits that it paid Plaintiff Logan Reed at the hourly rate of $21.00 to $22.00 per hour and later on a salary basis after he was promoted to a Field Coordinator position effective February 22, 2018, but denies the remaining allegations of Paragraph 62.

63. Sandbox admits that it paid Plaintiff Emmanuel Hutchinson at the hourly rate of $21.00 per hour, but denies the remaining allegations of Paragraph 63.

64. Sandbox admits that it paid Plaintiff Robert Rosson at the hourly rate of $21.00 to $23.00 per hour, but denies the remaining allegations of Paragraph 64.

65. Sandbox admits that it paid Plaintiff Acquayvis Perry at the hourly rate of $21.00 per hour, but denies the remaining allegations of Paragraph 65.

66. Sandbox admits that it paid Plaintiff Jerry Cheatham at the hourly rate of $21.00 to $23.00 per hour, and that at times it also paid Plaintiff Cheatham a $300.00 *per diem*. Sandbox denies the remaining allegations of Paragraph 66.

67. Sandbox admits that it paid Plaintiff Zachery R. Davis at the hourly rate of $15.00 to $21.00 per hour, and that at times it also paid Plaintiff Davis a $25.00 *per diem* and/or a $100.00 flat rate. Sandbox denies the remaining allegations of Paragraph 67.

68. Sandbox admits that it paid Plaintiff James Jouett at the hourly rate of $15.00 to $21.00 per hour, and that at times it paid Plaintiff Jouett a $25.00 to $225.00 *per diem* and/or a $300.00 flat rate. Sandbox denies the remaining allegations of Paragraph 68.

69. Sandbox admits that it paid Plaintiff Dewann W. Stewart at the hourly rate of $21.00 per hour. Sandbox denies the remaining allegations of Paragraph 69.

70. Sandbox admits that it paid Plaintiff Mark Gililland at the hourly rate of $21.00 per hour from September 5, 2017 through April 8, 2018, and that it has paid Plaintiff Gilliland at the hourly rate of $15.00 per hour from April 9, 2018 through the present date. Sandbox denies the remaining allegations of Paragraph 70.

71. Sandbox admits that it paid Plaintiff Brandon Garst at the hourly rate of $15.00 to $21.00 per hour, and that at times it also paid Plaintiff Garst a $125.00 or $250.00 or $325.00 *per diem*. Sandbox denies the remaining allegations of Paragraph 71.

72. Paragraph 72 states a legal conclusion for which no answer is required. To the extent this Paragraph contains any allegations of fact, they are denied.

73. Sandbox denies the allegations of Paragraph 73.

74. Paragraph 74 sets forth legal conclusions for which no answer is required. To the extent this Paragraph contains any allegations of fact, they are denied.

75. Sandbox's previous responses are incorporated as though fully set forth herein.

76. Sandbox admits the allegations of Paragraph 76.

77. Sandbox admits the allegations of Paragraph 77.

78. Sandbox admits the allegations of Paragraph 78.

79. Sandbox admits the allegations of Paragraph 79.

80. Sandbox admits the allegations of Paragraph 80.

81. Sandbox denies the allegations of Paragraph 81.

82. Sandbox admits the allegations of Paragraph 82.

83. Sandbox denies the allegations of Paragraph 83.

84. Sandbox incorporates all previous responses as though fully set forth herein.

85. Sandbox denies the allegations of Paragraph 85.

86. Sandbox denies the allegations of Paragraph 86.

87. Sandbox denies the allegations of Paragraph 87.

88. Sandbox denies the allegations of Paragraph 88.

89. Sandbox denies the allegations of Paragraph 89.

90. Sandbox denies the allegations of Paragraph 90.

91. Sandbox denies the allegations of Paragraph 91.

92. Sandbox denies the allegations of Paragraph 92.

93. Sandbox denies the allegations of Paragraph 93.

94. Paragraph 94 states legal conclusions for which no answer is required. To the extent this Paragraph contains any allegations of fact, Sandbox admits that it was an "employer" within the meaning of the NMMWA with regard to Plaintiffs Robert Rosson and Acquayvis Perry. Sandbox denies the remaining allegations of Paragraph 94.

95. Paragraph 95 states legal conclusions for which no answer is required. To the extent this Paragraph contains any allegations of fact, Sandbox admits that it employed Plaintiffs Robert Rosson and Acquayvis Perry as "employees" within the meaning of the NMMWA. Sandbox denies the remaining allegations of Paragraph 95.

96. Paragraph 96 states legal conclusions for which no answer is required. To the extent this Paragraph contains any allegations of fact, they are denied.

97. Sandbox denies the allegations of Paragraph 97.

98. Sandbox admits the allegations of Paragraph 98.

99. Sandbox denies the allegations of Paragraph 99.

100. Sandbox denies the allegations of Paragraph 100.

101. Sandbox denies the allegations of Paragraph 101.

102. Sandbox denies the allegations of Paragraph 102.

103. Sandbox denies the allegations of Paragraph 103. Further answering, Sandbox denies that Plaintiffs are entitled to any monetary damages or any other relief whatsoever by way of this action.

104. Sandbox denies the allegations of Paragraph 104. Further answering, Sandbox denies that Plaintiffs are entitled to any monetary damages or other relief whatsoever by way of this action.

105. Sandbox denies that Plaintiffs are entitled to judgment or any of the relief prayed for and denies any allegations of fact that might be set forth in Paragraph 105.

106. Any allegations of fact not specifically admitted herein are hereby denied.

## **AFFIRMATIVE DEFENSES**

And now, in further response to the Third Amended Complaint, Sandbox states:

### **First Defense**

On or about February 22, 2018, Plaintiff Logan Reed was promoted to the position of Field Coordinator, which is exempt from the overtime provisions of the FLSA pursuant to 29 U.S.C. § 213(a)(1) and the provisions of the New Mexico Minimum Wage Act. Plaintiff Logan Reed directed the work of employees in sand transportation and delivery operations.

### **Second Defense**

Plaintiffs are not entitled to the damages sought, including statutory penalties, because at all times Sandbox acted in good faith.

### Third Defense

Plaintiffs are not entitled to the damages sought because at all times Sandbox acted in good faith and relied on the United States Department of Labor's investigation results stating that it was not in violation of any of the provisions of the Fair Labor Standards Act ("FLSA").

### Fourth Defense

Plaintiffs are not entitled to the damages sought and are barred from bringing their claims because their work for Sandbox was subject to the authority of the United States Secretary of Transportation under the Motor Carrier Act. Accordingly, Plaintiffs' claims are subject to the Motor Carrier Act exemption of the FLSA, 29 U.S.C. § 203(b)(1).

### Fifth Defense

Plaintiffs are not entitled to their attorney's fees and costs because Sandbox complied with all Federal laws and at all times acted with good faith.

### Sixth Defense

Plaintiffs' claims occurring more than two years prior to the time of the filing of the current action, or three years if Defendant's actions were determined to be willful, are barred by the applicable statute of limitations.

### Seventh Defense

Plaintiffs' claims are otherwise barred by the applicable statute of limitations under state laws.

### Eighth Defense

Defendant's actions and/or alleged actions do not constitute a willful violation (or any violation) of applicable law. Defendant did not act "willfully" within the meaning of the FLSA or any other state law.

### Ninth Defense

Defendant did not knowingly or intentionally engage in any conduct in violation of the FLSA or any other applicable law, nor did it exhibit reckless disregard for the requirements of the FLSA or any other state law.

### Tenth Defense

Plaintiffs' claims are barred in whole or in part because Plaintiffs seek to recover damages for time allegedly worked that is *de minimus* and therefore not compensable under the FLSA or any other state law.

### Eleventh Defense

Plaintiffs' claims fail because at all times Plaintiffs have been paid all compensation due and owing in accordance with applicable federal law.

### Twelfth Defense

All or part of each and every claim asserted by Plaintiffs is barred by the equitable doctrines of unclean hands, waiver, estoppel, and/or laches.

### Thirteenth Defense

Plaintiffs' claims are barred by the doctrine of waiver and release and accord and satisfaction.

### Fourteenth Defense

Plaintiffs failed to mitigate their losses.

### Fifteenth Defense

Plaintiffs lack standing to claim the protections of the New Mexico Minimum Wage Act.

WHEREFORE, the premises considered, Defendant, Sandbox Transportation, LLC, prays that, after due proceedings, this Court dismiss the First Amended Complaint with prejudice with an award of costs, including attorneys' fees, to Defendant.

/s/*Andrew P. Burnside*
Andrew P. Burnside, TX Bar No. 24061200
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: (504) 648.3840
Facsimile: (504) 648.3859
Email: drew.burnside@ogletreedeakins.com

and

/s/*Mark A. McNitzky*
Mark A. McNitzky, TX Bar No. 24065730
Ogletree, Deakins, Nash, Smoak& Stewart, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205
Telephone: (210) 354-1300
Facsimile: (210) 277-2702
Email: mark.mcnitzky@ogletreedeakins.com

**ATTORNEYS FOR
SANDBOX TRANSPORTATION, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that on August 14th, 2018, the foregoing document was electronically transmitted to the Clerk of the Court using the ECF system of filing. A Notice of Electronic Filing will be sent by operation of the ECF system to the following counsel of record:

> Clif Alexander, Esq.
> clif@a2xlaw.com
> Lauren E. Braddy, Esq.
> lauren@a2xlaw.com
> Alan Clifton Gordon
> cgordon@a2xlaw.com
> Carter T. Hastings
> carter@a2xlaw.com
> ANDERSON ALEXANDER, PLLC
> 819 N. Upper Broadway
> Corpus Christi, Texas 78401

                                    */s/Mark A. McNitzky*
                                    Andrew P. Burnside / Mark A. McNitzky